IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2020 AUG 14  P 1:58

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| SHERRIE VERNON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:20-cv-00597 |
| VENGROFF WILLIAMS, INC., | ) JURY DEMAND |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Sherrie Vernon, by and through undersigned counsel, brings the following Complaint against Defendant and state as follows:

### PRELIMINARY STATEMENT

Plaintiff bring this action for actual, statutory, and punitive damages, costs, and attorneys' fees pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, against Defendant, Vengroff Williams, Inc. ("Vengroff"). Plaintiff also brings a separate claim for invasion of privacy by intrusion upon seclusion under Alabama state law against Defendant.

### JURISDICTION AND VENUE

1. Plaintiff invokes the jurisdiction of this Court pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

2. Jurisdiction over Plaintiff's claims under Alabama law is based on the doctrine of supplemental jurisdiction in accordance with 28 U.S.C. § 1367.

3. Subject matter jurisdiction exists pursuant to federal question jurisdiction, 28 U.S.C. § 1331.

4. Venue is proper because Plaintiff lives in Chilton County, Alabama, which is in the Middle District of Alabama, and because Defendant does business in the Middle District of Alabama. The alleged conduct and actions were committed in the Middle District of Alabama.

## PARTIES

5. Plaintiff Sherrie Vernon is an adult citizen over the age of nineteen years who resides in Thorsby, Alabama.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of that law.

7. Defendant Vengroff Williams, Inc. is a corporation formed in the state of Florida with its principal place of business in Florida and doing business in the state of Alabama.

8. As part of its business Vengroff operates as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9. On the evening of December 19, 2018, Plaintiff was driving southbound on Pelham Parkway in route to her next stop to deliver pizza for Domino's Pizza in Pelham, Alabama. While at the intersection of Pelham Parkway and Ball Park Road, Plaintiff was unable to stop her vehicle and collided with the rear of a vehicle, which then collided with the rear of another vehicle.

10. During this time, Plaintiff was working in the line and scope of her employment with Domino's Pizza, which carried a liability insurance policy for their drivers, including Plaintiff.

11. Although one of the driver's insurance companies involved in the collision was able to access Domino's Pizza's policy from Penn National Insurance, the other driver's insurance

company opted to go after Plaintiff personally without seeking a liability policy from Domino's Pizza. In fact, when Plaintiff's personal insurance policy with Bristol West Insurance Company denied coverage, the denial letter dated August 29, 2019 stated this was because "the vehicle operated by Sherrie Vernon was being used to deliver food or goods."

12. Nevertheless, State Farm Insurance Company persisted in its attempt to go after Plaintiff for the property damage claim.

13. As a result, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, that went into default for late payment, and is therefore a "debt" under 15 U.S.C. § 1692a(5), namely, the property damages bill ("the debt") in the approximate amount of $8,993.50.

14. Sometime thereafter, Plaintiff's debt was consigned, placed, or otherwise transferred to Defendant for collection from Plaintiff.

15. On or about January 4, 2020 Plaintiff received a letter from Danielle Sanchez, who was an agent and/or employee of Defendant at the time with a job title called a "Subrogation Specialist." The letter indicated that Plaintiff "did not have a policy in effect for the date of loss" and attempting to collect this debt of $8.993.50, referenced as Claim # 01-7015-P28 / Reference # 1348863.

16. Thereafter, Plaintiff began to receive harassing phone calls for the next several months from Defendant. Plaintiff even received phone calls late at night and after midnight, which awoke her sleeping baby.

17. Plaintiff told Danielle Sanchez that she was covered under Domino's Pizza's insurance policy.

18. However, the calls persisted. On one occasion, Danielle Sanchez threatened to suspend Plaintiff's license if she did not make payment for the debt.

19. After her license was suspended in February 2020 and the phone calls did not cease, Plaintiff sought advice from counsel.

20. Plaintiff has now had to pay reinstatement fees and penalties in hopes to get her license reinstated, which was improperly suspended because of Defendant's conduct.

21. These collection calls were an illegal third-party attempt to collect a debt in violation of the FDCPA, including but not limited to 15 U.SC. §§ 1692c(a)1, 1692e(5), and 1692e(10).

22. This hostile and threatening conduct created substantial and legally unjustifiable fear and concern, anxiety, and emotional distress for Plaintiff in violation of state and federal law.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*

23. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

24. The foregoing acts and omissions of Defendant and its agents constitute violations of the FDCPA including, but not limited to, each of the above cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

25. As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff has suffered compensable injury as set out above and is entitled to damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff claims damages against Defendant in actual, statutory, and compensatory damages, plus interests, costs, reasonable attorney's fees and any such other further relief as this Court deems proper and/or necessary pursuant to 15 U.S.C. § 1692k.

## COUNT TWO
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

26. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

27. Congress explicitly recognized a consumer's inherent right to privacy in collection matters when passing the Fair Debt Collection Practices Act, when stating in its findings that: "**Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**." 15 U.S.C. § 1692(a) (emphasis added).

28. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leach Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action when stating as part of its purposes that "It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information." 15 U.S.C. § 6801(a) (emphasis added).

29. Defendant and/or its agents intentionally and/or negligently interfered with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect the debt, and thereby invading Plaintiff's privacy.

30. Defendant and its agents intentionally and/or negligently caused emotional distress to Plaintiff by engaging in offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

31. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns, or affairs.

32. The conduct of Defendant and its agents, in engaging in this illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

33. As a direct and proximate result of Defendant's intrusions and invasions of privacy, Plaintiff has endured mental suffering and humiliation.

WHEREFORE, PREMISES CONSIDERED, Plaintiff claims damages against Defendant in actual, compensatory, and punitive damages and is entitled to any relief available under the law, or any such other relief as this Court deems proper.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS.**

Dated this 13th day of August, 2020.

Respectfully Submitted,

*/s/ Brooke Rebarchak*
Brooke B. Rebarchak (ASB-6522-S69V)
J. Matthew Stephens (ASB-3788-E66S)

*Attorneys for Plaintiff*

**OF COUNSEL:**

**METHVIN, TERRELL, YANCEY,
STEPHENS & MILLER, P.C.**
2201 Arlington Avenue South
Birmingham, Alabama 35205
Telephone: (205) 939-0199
Facsimile: (334) 939-0399
brebarchak@mmlaw.net
mstephens@mmlaw.net

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL:**

**VENGROFF WILLIAMS, INC.**
c/o Barry A. Friedman & Associates, P.C.
P.O. Box 2394
Mobile, AL 36652